**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

L.T. TUCKER, JR.,

    Plaintiff,

v.                                   Case No. 2:09-CV-13246
                                   Honorable Nancy G. Edmunds

T. PENTRICH, et.al.,

    Defendants.
_____/

## OPINION & ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. §1915(g)

This matter is before the court on its own review of plaintiff's *pro se* complaint, filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state inmate who is currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff claims that he was assaulted by the defendant corrections officers. He also claims that these defendants threatened him, retaliated against him and engaged in conduct that was racially discriminatory. Accordingly, Plaintiff maintains that his constitutional rights have been violated and that monetary compensation is appropriate

Having reviewed Plaintiff's complaint and his litigation history in the federal courts, the Court concludes that the complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). A search of federal court records reveals that at least four prior civil rights complaints filed by plaintiff have been dismissed for being frivolous or malicious, or for failing to state a claim. See *Tucker v. Chapin*, No. 4:94-CV-100 (W.D. Mich. June 30,

1994); *Tucker v. Kinney*, No. 4:94-CV-101 (W.D. Mich. June 30, 1994); *Tucker v. Hembree,* No. 4:94-CV-105 (W.D. Mich. July 15, 1994); *Percival v. Williams,* No. 1:00-CV-849 (W.D. Mich. Nov. 29, 2000). Subsequent to the most recent of these dismissals, Plaintiff filed at least three additional § 1983 complaints, each of which were dismissed pursuant to the "three strikes" rule contained in 28 U.S.C. § 1915(g).[1] See *Tucker v. Smith,* No. 2:06-CV-94, 2006 WL 1155479 (W.D. Mich. April 26, 2006); *Tucker v. Bergh,* No. 2:06-CV-73, 2006 WL 1008985 (W.D. Mich. Sept. 13, 2006); *Tucker v. Garrett,* No. 2:09-CV-13248 (E.D. Mich Aug. 24, 2009).

The three strikes rule prohibits a prisoner, who has had three prior suits dismissed for being frivolous or malicious, or for failing to state a claim, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that he is in imminent danger of serious physical injury.[2] A federal district court may raise the three strikes rule on its own initiative. See*, e.g., Ward v. King*, 2009 WL 367859 (E.D. Mich. Feb. 12, 2009); *Witzke v. Hiller,* 966 F. Supp. 538 (E.D. Mich.1997).

---

[1] Section 1915(g) states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) (allegation of past physical injury is insufficient to meet statutory exception).

In the present case, the Court is aware of four of Plaintiff's civil rights complaints which were dismissed for being frivolous or malicious or for failing to state a claim; and three additional complaints, each of which have resulted in an order finding that Plaintiff has already exhausted his "three strikes." Although Plaintiff claims in his pleadings and in an affidavit filed with the Court that he has been the victim of excessive force and assaultive conduct by the party defendants, and that these defendants have threatened "future harm," allegations of past physical injury and vague threats of possible physical injury in the future are insufficient to meet the statutory exception of "imminent danger." See n.2. The complaint is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint **[Doc. #1]** is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's "Motion Directing Service of Summons and Complaint on Defendants" **[Doc. #5]** is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days from the date of this Order. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

**IT IS FURTHER CERTIFIED** that any appeal taken by plaintiff in this matter would not be in good faith.


                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated: March 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 9, 2010, by electronic and/or ordinary mail.

                              s/Carol A. Hemeyer
                              Case Manager