UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. TUCKER,

        Plaintiff,

v.

T. PENTRICH, et al.,

        Defendants.

                                     /

Case No. 09-13246

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [100 & 108]**

Pro se Plaintiff L. Tucker has filed multiple motions under Federal Rule of Civil Procedure 60(b) seeking the Court to correct or vacate the stipulated order of dismissal entered in this case on April 9, 2016. (Dkt. 100 & 108). According to Tucker, his consent to the stipulated order was premised on Defendants' assurance that he would receive an award of approximately $7,100 in exchange for executing a general release. In the end, however, Tucker's settlement funds were applied to his outstanding prison debt, leaving him with nothing.

Even if the Court did have jurisdiction to consider Tucker's motion, which it does not, his argument lacks merit. Indeed, Tucker appears to be confusing two distinct concepts: offset under the State Correctional Facility Reimbursement Act, Mich. Comp. Laws § 800.401 *et seq*, which is excluded under the settlement agreement, and offset for institutional debt, which is expressly permitted. *See* (Defs' Resp. Settlement Agreement, Ex. A, ¶ 2) ("The Settlement Proceeds may be subject to offset for liens, court costs,

*institutional debt . . . .*") (emphasis added); (Settlement Hrg. March 10, 2016, Tr. 3:10-13) (The settlement proceeds "will first be subject to any payment of the debt on [Tucker's] *prison account . . . .*") (emphasis added).  The funds were applied to Tucker's prison debt, not the costs associated with his incarceration.

Nevertheless, the Court lacks jurisdiction to entertain Tucker's request.  Indeed, the Sixth Circuit, relying on the Supreme Court's seminal decision in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), has been clear that "a federal district court lacks jurisdiction to enforce a settlement agreement terminating litigation unless the court 'expressly retained jurisdiction to enforce the settlement agreement' or 'incorporated the terms of the settlement into the dismissal order.' " *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 501 (6th Cir. 2000). Here, similar to *Kokkonen*, the dismissal order "did not so much as refer to the settlement agreement." *Caudill v. North American Media Corp.*, 200 F.3d 914, 917 (6th Cir. 2000). Nor did the Court otherwise agree to retain jurisdiction over the settlement agreement. For those reasons, the Court must, and does, DENY Tucker's motion. *See Kokkonen*, 511 U.S. at 378 ("Enforcement of [a] settlement agreement, . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 9, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record

on January 9, 2017, by electronic and/or ordinary mail.

s/Kelly Winslow for
Carol Bethel, Case Manager